PER CURIAM.
This disciplinary proceeding by The Florida Bar against James C. Collier, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to The Florida Bar Integration Rule 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
(1) That on or about May 13, 1980, Wilton N. Hall and Benjamin Straughter representing a group of interested people went to see Mr. Collier about forming a legal organization to, among other things, take care of a cemetery in the Taft area near Orlando. Mr. Collier recommended they form a Corporation Not-for-Profit to be called the Taft Civic Association, Inc. Mr. Collier’s agreed fee for doing this was $150.00 and he was paid that sum by Mr. Straughter, Treasurer of the proposed Corporation.
(2) Mr. Collier stated that he could get the Charter in thirty (30) days, but, would have to write Tallahassee for the rules and regulations. (He did not own a set of Florida Statutes). Subsequently, Mr. Hall was unable to get Mr. Collier to proceed with the incorporation despite repeated calls to him. (As noted later, Mr. Collier was under suspension during the period 7-21-80 to 9-21-80) Some nine (9) months after being retained, Mr. Collier did bring some proposed by-laws to Mr. Hall to get them signed.
(3) With no Charter received after fifteen (15) months, Mr. Hall filed a Complaint with The Florida Bar on August 24, 1981.
(4) On approximately April 20, 1982, (three (3) days prior to the Grievance Committee hearing), Mr. Collier sent the *803 proposed Articles of Incorporation and his check for $38.00 to the Secretary of State, Tallahassee, Florida. The check was negotiated by the Secretary of State. However, the proposed Articles of Incorporation were returned to Mr. Collier for correction. The corrected Articles had not been returned to the Secretary of State as of the date of the Referee’s hearing (February 24, 1983).
(5) Mr. Collier retained the $112.00 difference between what he was paid ($150.00) and what he sent to the Secretary of State ($38.00).
The referee recommends that respondent be found guilty and specifically that he be found guilty of the following violations of the Code of Professional Responsibility: That James C. Collier has violated Disciplinary Rule 6-101(A)(3) by neglecting a legal matter entrusted to him by his clients by failing, over a period of nearly three (3) years, to obtain a corporate charter for his clients. The referee also recommends that respondent be suspended for a period of four (4) months and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4).
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
• Accordingly, respondent, James C. Collier, is hereby suspended from the practice of law in the State of Florida for a period of four (4) months and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4). Respondent’s suspension shall be effective August 15, 1983, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall not accept any new business.
Costs in the amount of $516.34 are hereby taxed against respondent.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, MCDONALD and EHRLICH, JJ., concur.