PER CURIAM.
This disciplinary proceeding is before us on the three-count compalint of The Florida Bar and report of the referee recommending that respondent be found guilty of violating Florida Bar Integration Rule, article XI, Rule 11.02(4) (for failing to apply money entrusted to him by clients for the purpose for which he received the money) and Florida Bar Code of Professional Responsibility, Disciplinary Rules 9-102(B)(l) (for failing to promptly notify a client of the receipt of his funds); 9-102(B)(2) (for failing to deposit funds belonging to clients in a trust account); 9-102(B)(3) (for failing to maintain complete records of all funds of clients coming into his possession and to render appropriate accounts to his clients regarding them). The referee considered respondent’s personal history and past disciplinary record and recommended that he be suspended from the practice of law for a period of three years and thereafter until he shall prove his rehabilitation, which shall include making full restitution. No petition for review pursuant to Integration Rule 11.09(1) has been filed.
Having carefully reviewed the record, we approve the findings and recommendations of the referee. Respondent’s suspension is effective immediately. Respondent is currently under suspension and was given time to close out his practice and protect his clients prior to that suspension. The Florida Bar v. Collier, 435 So.2d 802 (Fla. 1983). Costs are assessed against respondent in the amount of $534.30.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.